### S. B. COWELL ET AL. V. ATLEE B. AYERS ET AL.

#### No. 3366.     Decided April 14, 1920.

#### (220 S. W., 764.)

**1.—Constitutional Law—Term of Office.**

The Legislature is without power to abolish Constitutional offices or to shorten terms of office which are fixed by the Constitution. But the mere mention of an office or its term in the Constitution lacks much of creating an office or prescribing the duration for which it is to be held. (P. 352).

**2.—Same—Managers of Insane Asylum—State Board of Control.**

Section 30a of article 16, of the State Constitution (amendment of 1912) in empowering the Legislature to provide terms of office of six years for the managers of certain state institutions did not, after the Legislature had so acted, fix the tenure of office of such boards of managers beyond the power of the Legislature to alter or shorten. The Act of April 5, 1919, Lews, 36th Leg., p. 323, creating the State Board of Control, abolishing the offices and duties of the existing boards of managers of various State intitutions, including asylums for the insane, and providing for the adminstration thereof by the State Board of Control, was not unconstitutional because interfering with the office, duties, and terms of office of the Board of Managers of the Southwestern Insane Asylum. The latter being created and their terms of office fixed by the Legislature, it had power to abolish or alter same. (Pp. 352-355).

Question certified from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

*C. M. Cureton,* Attorney-General, and *W. A. Keeling* and *C. L. Stone,* Assistants, for appellants.—The Legislature has the absolute

and undisputed right to create, change, or abolish its governmental agencies at will, subject only to constitutional limitation. Stanfield v. State, 18 S. W., 577; Carver v. Wheeler County, 200 S. W., 537; Jones v. Shaw, 15 Texas, 577; Milam County v. Bateman, 54 Texas, 153; City of Wyndotte v. Drennan, 9 N. W., 500; 29 Cyc., 1368, Koch v. Mayor of New York, 46 N. E., 170; Ford v. State Board of Harbor Com., 22 Pac., 278; Commonwealth v. Wier, 30 Atl., 835; City of Chicago v. O'Connell, 116 N. E., 214; State v. Howard, 171 Pac., 30; Crozier v. Lion, 34 N. W., 186; Miller v. Kister, 68 Cal., 142, 8 Pac., 813; In re Bulger, 45 Cal., 553; Augusta v. Swiney, 44 Ga., 463; 9 Am. Rep., 172.

There is no constitutional limitation on the Legislature of Texas preventing it from abolishing the offices of the Board of Managers of the Southwestern Insane Asylum and conferring the duties and powers theretofore devolving upon said Board of Managers upon the Board of Control. Lander v. Victoria County, 131 S. W., 823; 29 Cyc., 1368; Bruce v. Fox, 1 Danna, p. 447; Hall v. Burke, 24 S. E., 349; Noble v. Bragaw, 85 Pac., 903; Lloyd v. Smith, 35 Atl., 199; City of Chicago v. O'Connell, 116 N. E., 210; State v. Hyde, 28 N. E., 186; Troy v. Wooten, 32 N. C., 377.

Conceding for argument's sake that the Board of Managers of the Southwestern Insane Asylum was made a constitutional office by section 30a, article 16, of the Constitution of Texas, the Act of the Thirty-sixth Legislature, Chapter 167, pages 323 to 329, inclusive, creating a State Board of Control does not violate or infringe upon any provisions of section 30a, article 16, of the Constitution. People v. Draper, 15 N. Y., 532; Lloyd v. Smith, 35 Atl., 199; Hall v. Burks, 24 S. E., 349; State v. Steele, 65 Pac., 515.

The Board of Managers of the Southwestern Insane Asylum is not a constitutional office by virtue of provisions made in section 30a, article 16 of the Constitution. Acts of the Thirty-second Legislature, pages 286 and 287; San Antonio Independent School District v. State, 173 S. W., 525.

All doubt as to the constitutionality of an Act of a Legislature should be resolved in favor of its constitutionality, and it devolves upon those claiming the invalidity of the act to point out in clear, plain and unmistakable terms wherein such act violates the Constitution. Brown v. City of Galveston, 75 S. W., 488; Orr v. Rhine, 45 Texas, 345; State v. State Board of Control, 88 N. W., 533; White v. Fahring, 212 S. W., 193; Lyle v. State, 193 S. W., 680; Altgelt v. Gutzeit, 187 S. W., 220; Hale County v. Lubbock County, 194 S. W., 678; Glass v. Pool, 166 S. W., 375; Railway Co. v. Griffin, 171 S. W., 703; Railway Co. v. Express Co., 173 S. W., 217; Ex parte Mode, 180 S. W., 798; Harris County v. Stewart, 91 Texas, 133.

*John H. Bickett, Jr.,* and *L. M. Bickett,* for appellees.—The authorities upon the general proposition, that an office provided for by the constitution may not be abolished by an Act of the Legislature, are numerous. We cite some of general and of particular applica-tion. 29 Cyc., 1368; 12 Corpus Juris, 1016; McClain's Const. Law, 81, 84; 22 Ruling Case Law, 549; Hays v. Harley, 1 Mills (S. C.,), 267; White v. State, 123 Ala., 577; Conner v. New York, 5 N. Y., 285; Bailey v. Caldwell, 68 N. C., 472; Runnels v. State, Walker (Miss.) 146; Ex Parte Corliss, 16 N. D., 470; People v. Schew, 99 N. Y. Supp., 997; Massenburg v. Bibb County, 23 S. E., 998; State v. Texas Brewing Co., 106 Texas, 121.

The term of office, when fixed by the Constitution, may not be abridged by an act of the Legislature. Roman v. Moody, Dallam, 513; Shelby v. Johnson, Dallam, 599; Banton v. Wilson, 4 Texas, 410; People v. Bangs, 24 Ill., 184; 22 Ruling Case Law, 549; State ex rel. Hensley v. Plasters, 3 L. R. A. (N. S.) 887, and notes; State ex rel. Fish v. Howell, 50 L. R. A. (N. S.) 337, 110 Pac., 386; Throop, Public Officers, sec. 305, p. 310; Reed v. Smoulter, 5 L. R. A., 513; Maxwell v. Ellis, 1166 N. E., 737; 21 L. R. A. 634; People ex rel. Fowler v. Bull, 46 N. Y., 58; State v. Leonard, 7 S. W., 453; Mills v. Sergeant, 36 Cal., 379; Fant v. Gibbs, 54 Miss., 403.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Question certified from the Court of Civil Appeals of the Third Supreme Judicial District of Texas, in an appeal from the District Court of Travis County.

The certificate of the Honorable Court of Civil Appeals is as follows:

"To the Supreme Court of Texas:

"In the above styled and numbered cause, now pending in this Court on appeal from the District Court of Travis County, Texas, the question hereinafter stated, which is material to a decision of this appeal, arises upon the statement of the nature and result of the suit and the facts disclosed by the record, which are as follows:

"This suit was brought by appellees against appellant in the District Court of Bexar County, Texas, seeking to enjoin appellants, and each of them, from appointing or attempting to appoint any person to the place of supervisor or director or manager or any other person to any subordinate place or position with the South-western Insane Asylum and from, in any manner, interfering with appellees in the discharge of their duties as members of the Board of Managers of the Southwestern Insane Asylum, or from inter-fering with any person serving in the employment of said Asylum, or from interfering with appellees or any person serving under their direction in the possession, management and control of the

records, books, papers and property belonging to said institution, or from interfering with appellees in their management and control of persons serving under appellees in said institution in any manner whatsoever. Upon plea of privilege said cause was transferred to the District Court of Travis County, and on February 24, 1920, the District Court of Travis County considered and granted a temporary injunction in the following terms:

" 'Upon the hearing of application for temporary injunction, plaintiff's application is granted and the Clerk of this Court is directed upon the giving by plaintiffs of good and sufficient bond, conditioned as required by law, in the sum of $5,000, to issue a temporary injunction enjoining and restraining the defendants herein and each of them from in any manner interfering with plaintiffs in the discharge of their duties as the Board of Managers of the Southwestern Insane Asylum in the possession and management and control of said institution until further orders of this Court herein made and entered.'

"To the order of the Court, granting appellees application for injunction, appellants excepted and appealed said cause to this Court. Appellees thereafter filed in Court the bond called for by the Court's order. It is contended by appellees that the Act creating the Board of Control in so far as it affects the management of the Southwestern Insane Asylum, and the duties imposed upon the Board of Managers of said Asylum prior to the adoption of the Board of Control Act is unconstitutional and void, it being contended that members of the Board of Managers of the said Southwestern Insane Asylum hold constitutional offices under and by virtue of section 30a, article 16 of the Constitution.

"Because the question involved in this case if of such vital importance, in that it involves the management of one of the State's institutions, it thereby becomes a matter of the greatest public concern, and it is, therefore, desirable to obtain a final decision within the earliest practicable time. We, therefore, deem it advisable to certify for your decision the following question:

"Is the Act of the Thirty-sixth Legislature creating the Board of Control of the State of Texas, violative of section 30a of article 16 of the State Constitution, in so far as it relates to the management of the Southwestern Insane Asylum, since said Act in section 9 thereof, provides in express terms for the abolition of the office of Board of Managers of Lunatic Asylums and confers the duties theretofore imposed upon the Board of Managers of said Asylums upon the State Board of Control?"

Section 30a of Article 16 of the State Constitution reads:

"Sec. 30a. The Legislature may provide by law that the members of the Board of Regents of the State University and Board of Trustees or Managers, of the educational eleemosynary, and

penal institutions of the State, and such boards as have been, or may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section.''

The above section is claimed by appellees to continue in office the members of the boards of managers for the insane Asylums, despite the Act of the Legislature abolishing such boards, for two reasons:

(1) Because the section establishes or creates boards of managers for the asylums.

(2) Because the section, by its own terms, or after the exercise by the Legislature of the authority which the section confers, fixes the tenure of the members of the boards at six years, with the terms of one-third the members expiring biennially, and thereby puts both the offices of the members and their duties and tenure beyond abridgment or abolition by the Legislature.

The Legislature is without power to abolish constitutional offices, or to shorten terms of office, which are fixed by the Constitution. The principle invalidating such legislative acts is well stated by the Supreme Court of Mississippi to be that ''the framers of the organic law by creating the office and specifying the term, have unmistakably indicated their will, first, that the State shall always have such an officer, and, secondly, that the duration of the term of each incumbent shall depend not on legislative will, but on the solid basis of an ordinance that cannot be changed save by a change in the Constitution itself.'' Fant v. Gibbs, 54 Miss., 403, 404.

However, the mere mention of an office or of its term, in a Constitution, lacks much of creating an office or prescribing the duration for which it is to be held. Thus, the mention of the office of Notary Public in the Constitution of Missouri was held not to deprive the Legislature of the power to abolish the office at pleasure. State v. Hermann, 11 Mo. App. Rep., 50. And, the provision of the Constitution of Wyoming, fixing a maximum limit for the salary of the county tax assessor, was held not to bring the office of county tax assessor within the protection accorded a constitutional office. Reals v. Smith, 8 Wyo., 159, 56 Pac., 693.

Section 30a uses no language suitable to create offices or to prescribe terms. The omission of language of this sort—too plain to be misunderstood—becomes significant when we look to other sections of the Constitution dealing with public officers. For instance, we find in positive words that the executive, and the judicial, and the legislative, departments or power shall consist of, or be vested in, named officials; that they shall be selected in a certain manner;

that they shall have definite terms; and, that they shall perform certain duties. As such language evidences an intent for the State to always have these officers and that they shall be secure in fixed terms, so the failure to use language of like tenor strongly indicates a contrary purpose.

The omission to plainly express a design to protect incumbents of the offices referred to in section 30a seems the more significant when considered in connection with the constitutional amendment relating to the board of prison commissioners. This amendment was submitted to a vote of the people by the Legislature proposing section 30a. There a board of three members is expressly created, their duties are defined, and the term of each member is fixed at six years, except the first three, for whom terms are provided for two, four and six years. If the same Legislature intended for section 30a to create constitutional offices, or to assure tenures, why did it not frame the amendment to so declare, as it did for prison commissioners?

Since 1876, section 30 of article 16 has required that the duration of all offices not fixed by the Constitution shall not exceed two years, with the provision, since 1894, for terms of six years for three railroad commissioners, a new member being elected each two years, under an adjustment of the respective terms of those first elected to two, four and six years.

Notwithstanding the limitation by the Constitution of terms of office not fixed by that instrument to not more than two years, the Legislature, in establishing the University, by the Act approved March 30, 1881 (Acts 1881, p. 80, Art. 3844, R. S. of 1895, Art. 2637, R. S. of 1911), vested the government of the University in a board of eight regents, divided into four classes, to hold office for two, four, six and eight years respectively. Again, in establishing and regulating the "lunatic" and other asylums, the Legislature in 1883 created boards of managers, of five members, with terms as follows, two for two years, two for four years, and one for five years. (Acts 1883, pp. 103, 109). By article 89 of the Revised Statutes of 1895 carried into article 109 of the Revised Statutes of 1911, the terms of the members of the board of managers for each asylum for the insane were fixed at two years. Numerous acts of the Legislature between 1879 and 1899 provided terms in excess of two years for school trustees, and no doubt for other officers, until this Court in 1900 declared that it was beyond the power of the Legislature to provide terms in excess of two years for such offices as were created by the legislative department in the execution of its powers. Kimbrough v. Barnett, 93 Texas, 301, 55 S. W., 120. Section 30a was adopted at an election held November 5, 1912.

Keeping in mind that the offices mentioned in section 30a were all of statutory origin and that the Legislature had unquestionably

held very firmly to the belief that the best interests of the State required terms varying from two to eight years for the specially enumerated offices, and giving ordinary signification to the language used, we cannot ascribe to section 30a any other meaning than as placing it within the power of the Legislature to fix terms, at its discretion, for the offices specified, of either six years or of any time not to exceed two years.

The Legislature placed such a construction on the amendment by providing terms of two years for offices coming within the purview of the section, such as members of boards of school trustees and of state boards. Act March 30, 1915, ch. 132, sec. 1, p. 205, Acts 34th Leg.; Act February 26, 1919, ch. 31, sec. 4, p. 50 Acts 36th Leg.

The true and entire effect of section 30a is to enlarge the legislative power over the tenure of certain offices. It was adopted to enable the Legislature to exercise wider discretion over the terms with which it deals. It was never intended to prevent the Legislature from continuing the long-established policy, which called for a renewal of authority at the hands of the people at brief intervals, when, in its wisdom, the Legislature might determine there was no necessity for terms of six years for these boards, with renewals of one-third the membership each two years. Giving this effect to the section will accomplish the intention of the amendment, in the light of the former provision, the evil and the remedy.

At the same time, the State is saved from having fastened upon it, through the protection given constitutional offices or tenures, each and every board heretofore created, or to be hereafter created, by the Legislature, until abolished by the slow and expensive process of constitutional amendment. For it would seem undeniable that the language of the amendment is not susceptible of a construction which would withhold less protection from all "such boards as have been or may hereafter be established by law" than is thrown around the asylum boards.

The exercise of the power of the Legislature to make improving changes in the non-constitutional agencies of public service, in promotion of the general welfare, is conducive to good government. The power ought not to be restrained further than the people have plainly ordained.

Notwithstanding the Constitution of Massachusetts required the Legislature to provide for the election by the people of registers of probate, yet, the Supreme Court of that State determined that it was within the constitutional authority of the Legislature to change the terms or abolish the offices of the registers of probate, and to transfer the powers and duties thereof to other officers; because the Constitution left it to the Legislature to prescribe the terms of the registers of probate, restricting its power over them in no other respect and merely ordaining how they were to be chosen. Opinion of Justices, 117 Mass., 603.

Where language in the Constitution, as in section 30a, imports a recognition of certain offices as statutory and clearly leaves the tenures to legislative will, at least to the extent of authorizing the Legislature to prescribe terms of any duration not to exceed two years, we do not feel warranted in denying to the Legislature the power to end the terms when the public interest demands. Certainly no warrant for a denial of the legislative power can be found in the extention to the Legislature of choice between terms which shall never exceed two years and terms of six years. Indeed, through the choice of any term not to exceed two years, the Legislature has express authority to fix as brief tenures as would be possible were its power wholly unrestrained.

Interference with statutory terms of present incumbents furnishes no obstacle to the exercise of the power of the Legislature to abolish offices of its own creation. As declared by Judge Cooley, in the case of the City of Wyndotte v. Drennan, 46 Mich., 476, 9 N. W., 500: "Officers are created for the public good at the will of the legislative power, with such powers, privileges and emoluments attached as are believed to be necessary or important to make them accomplish the purpose designed. But except as it may be restrained by the Constitution, the Legislature has the same inherent authority to modify or abolish that it has to create; and it will exercise it with the like considerations in view." See also Stanfield v. State, 83 Texas, 317, 18 S. W., 577; City of Palestine v. West, 37 S. W., 783 and Carver v. Wheeler County, 200 S. W., 537.

We answer that the Act creating the Board of Control is not violative of section 30a, of article 16 of the State Constitution in so far as it relates to the management of the Southwestern Insane Asylum.