

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

May 7, 1971

Hon. Wayne W. Connally,
Chairman
Parks & Wildlife Committee
State Senate Chamber
Austin, Texas    78711

Opinion No. M-852

Re: Constitutionality of in-
creasing Membership of the
Parks and Wildlife Commis-
sion without abolishing
the present commission.

Dear Senator Connally:

(Art. 978f-3a, V.P.C.)

The Senate Parks and Wildlife Committee, of which you
are Chairman, has asked our opinion as follows:

> "Can the present membership of a State
> Commission be enlarged in its membership
> without abolishing the present member-
> ship of the Commission?"

The statute creating the present Commission and its
Department is found in Article 978f-3a, Vernon's Penal
Code of Texas.

Sections 1 through 3, inclusive, of this statute read
as follows:

> "Section 1.  From and after the effective
> date of this Act, the Game and Fish Com-
> mission shall be reconstituted and known
> as the 'Parks and Wildlife Department',
> which shall be under the policy direction
> of a Commission which shall consist of
> three (3) members, one (1) of whom shall
> be designated by the Governor as Chairman.
> The members of the Parks and Wildlife Com-
> mission shall be appointed by the Governor,
> which appointments shall be with the ad-
> vice and consent of two-thirds (2/3) of
> the Members of the Senate present, if in
> Session, and if not in Session, the Gover-
> nor shall appoint such Members and issue

-4137-

a commission to them as provided by law, and their appointment shall be submitted to the next Session of the Senate for their advice and consent in the manner that appointments to fill vacancies under the Constitution are submitted to the Senate.  The Governor shall appoint the members of the Parks and Wildlife Commission, one (1) whose term shall expire February 1, 1965, one (1) whose term shall expire February 1, 1967, and one (1) whose term shall expire February 1, 1969, or until their successors are appointed and qualified.  In case of a vacancy in Commission membership, the Governor shall appoint a replacement member to fill the unexpired term of the vacating member.  A quorum for the dispatch of official business shall be two (2) members.  Thereafter, the Governor shall appoint members for terms of six (6) years.  The members of said Commission shall be reimbursed for their actual expenses incurred in attending meetings, and shall be paid a per diem as set out in the General Appropriations Act.  The Commission shall meet as often as it deems necessary, but shall meet at least once every quarter of the year.

"Sec. 2.  The term of office of the present members of the Game and Fish Commission shall expire with the effective date of this Act; provided, however, that this provision shall not preclude the Governor from appointing one (1) or more members to the Parks and Wildlife Commission provided for in Section 1 of this Act.

"Sec. 3.  The Parks and Wildlife Commission shall have the power and authority to appoint an Executive Director who shall be the chief executive officer of the Parks and Wildlife Department and

shall perform its administrative duties.
Such Executive Director shall have auth-
ority to appoint such heads of divisions,
game and fish wardens, park managers, and
other employees as may be authorized by
appropriations therefor and as may be
deemed necessary for executing, administer-
ing and carrying out the duties and ser-
vices authorized by law to be performed
by the Parks and Wildlife Commission and
the Parks and Wildlife Department. The
Executive Director shall serve at the
will of the Parks and Wildlife Commission.
All other employees shall serve at the will
of the Executive Director.

We are not concerned in this opinion with the exist-
ing statutory relations between the Commission and the
Department, but only with whether the present Commission
membership can be constitutionally increased without abol-
ishing it and creating an entirely new one.

We hold that the Legislature may increase membership
on the present Parks and Wildlife Commission.

It has been held that where the office is purely statu-
tory, it is within the powers of the Legislature to abol-
ish an office or a board and create new ones. 47 Texas
Jur.2d, Public Officers, Sec. 53, 54, pages 78-79. Terms of
statutory officers or board members may be shortened or
lengthened by the Legislature. 47 Tex.Jur.2d, Public Offi-
cers, Sec. 38, page 58; Popham v. Patterson, 121 Texas 615,
51 S.W.2d 680 (1932). This rule does not apply in the case
of officers fixed by the Texas Constitution. Cowell v.
Ayers, 110 Texas 348, 220 S.W. 764 (1920).

The Legislature has the power to enact any law not in
conflict with the state or federal constitutions, or federal
laws. 53 Tex.Jur.2d, Statutes, Sec. 33, pages 58-59; DeShazo
v. Webb, 131 Texas 108, 113 S.W.2d 519 (1938). It can change
the law at any time. San Antonio & A.P.R. Co. v. State, 128
Texas 33, 95 S.W.2d 680 (Tex. Com.App. 1936). It can suspend
laws. Texas Const. Art. I, Sec. 28; 53 Tex.Jur.2d, Statutes,
Sec. 37, page 68.

We find nothing in the Texas Constitution which prohibits adding members to a state board or Commission, and we therefore hold that since the Texas Constitution does not prohibit or limit the power of the Legislature to add additional members on such a statutory board or Commission as the Parks and Wildlife Commission, the proposed statute is constitutional.

### S U M M A R Y

The Legislature can constitutionally increase the membership of a board or commission such as the Parks and Wildlife Commission by adding new members.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

by: NOLA WHITE
First Assistant

Prepared by Roger Tyler
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcom Smith
Scott Garrison
V. F. Taylor
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant