

# The Attorney General of Texas

September 27, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Warren G. Harding
State Treasurer
P. O. Box 12608, Capitol Station
Austin, Texas 78711

Opinion No. MW-59

Re: Whether the office of county treasurer can be abolished.

Dear Mr. Harding:

You request an opinion on the constitutionality of a proposed merger of the Tarrant County treasurer's office with the county auditor's office which would thereby result in the abolition of the treasurer's office. The legislature passed House Bill 396 this year which provides the following:

> Section 1. The commissioners court of Tarrant County shall call an election to be held on November 6, 1979, at which the qualified voters of the county shall be permitted to vote for or against the proposition: 'Consolidation of the offices of county auditor and county treasurer in this county.'
>
> Sec. 2. If a majority of the qualified voters voting on the question vote in favor of the proposition, on the 30th day after the date of the election the office of county treasurer ceases to exist in Tarrant County and all the powers, duties, and functions of the office are transferred to the county auditor. The appointment and compensation of the county auditor shall continue to be governed by general law.

Acts 1979, 66th Leg., ch. 130, at 251.

If such proposition passes, the treasurer's office in Tarrant County would cease to exist. Article XVI, section 44 of the Texas Constitution provides for a county treasurer:

> Sec. 44. The Legislature shall prescribe the duties and provide for the election by the qualified voters of each county in this State, of a County Treasurer and a County Surveyor, who shall have an office at the county seat, and hold their office for four years, and

until their successors are qualified; and shall have such compensation as may be provided by law.

Constitutional offices may not be abolished without constitutional authorization. See Cowell v. Ayers, 220 S.W. 764 (Tex. 1920). It is argued that article III, section 64 of the constitution permits the proposed consolidation. It provides in full:

> Sec. 64. (a) The Legislature may by special statute provide for consolidation of governmental offices and functions of government of any one or more political subdivisions comprising or located within any county. Any such statute shall require an election to be held within the political subdivisions affected thereby with approval by a majority of the voters in each of these subdivisions, under such terms and conditions as the Legislature may require.
>
> (b) The county government, or any political subdivision(s) comprising or located therein, may contract one with another for the performance of governmental functions required or authorized by this Constitution or the Laws of this State, under such terms and conditions as the Legislature may prescribe. No person acting under a contract made pursuant to this Subsection (b) shall be deemed to hold more than one office of honor, trust or profit or more than one civil office of emolument. The term 'governmental functions,' as it relates to counties, includes all duties, activities and operations of statewide importance in which the county acts for the State, as well as of local importance, whether required or authorized by this Constitution or the Laws of this State.

Subsection (a) permits consolidation of offices in "political subdivisions comprising or located within any county." It is our opinion that county entities are not treated by subsection (a). Modifications of county governmental functions are specifically addressed in subsection (b). It provides for interlocal contracts and removes constitutional impediments to officials acting under such contracts who may otherwise violate the dual office prohibitions of the constitution.

County governments are not specifically included in subsection (a) as they are under (b). Subsection (a) permits consolidation in political subdivisions comprising a county. Subsection (b) permits certain contracts among political subdivisions comprising a county and among county governments. Thus we believe section 64 draws a distinction between "county governments" and "political subdivisions comprising a county." The latter does not include the former. We believe a political subdivision comprising a county is a special district which is geographically coterminous with county boundaries but which does not itself constitute the county as a governmental entity. See, e.g., Tex. Const. art. IX, § 4 (county-wide hospital districts). Cf. Attorney General Opinion V-723 (1948). Accordingly, abolition of the county treasurer's office in Tarrant County is nowhere constitutionally permissible. There is no evidence of legislative intent or judicial construction which suggests that such fundamental changes in county government were contemplated by the adoption of section 64.

## SUMMARY

Article III, section 64 of the Texas Constitution does not authorize the legislature to abolish the constitutional office of county treasurer.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Bruce Youngblood