

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 13, 1992

Honorable James F. Hury, Jr.
Chairman
Ways and Means Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas 78768-2910

Opinion No. DM-96

Re: Authority of a commissioners court to designate an agent to invest county funds (RQ-227)

Dear Representative Hury:

You have requested our opinion on a number of questions involving the investment of county funds. You first ask whether the commissioners court may remove the county treasurer from the investment process.

Section 116.112 of the Local Government Code provides:

(a) The commissioners court may direct the county treasurer to withdraw any county funds deposited in a county depository that are not immediately required to pay obligations of the county and invest those funds as provided by this section unless such an investment or withdrawal is prohibited by law or the withdrawal is contrary to the terms of the depository contract.

(b) The funds may be invested in accordance with the Public Funds Investment Act of 1987 (Article 842a-2, Vernon's Texas Civil Statutes). In addition to the obligations, certificates, and agreements described by that Act, the funds may be invested in certificates of deposit issued by a state or federal savings and loan association domiciled in this state, the payment of which is insured in full by the Federal Savings and Loan Insurance Corporation or its successor.

Section 116.112 contemplates the involvement of two entities in the investment process: the commissioners court and the county treasurer.[1] The role of the commissioners court is discretionary: the court determines the amount of funds which shall be invested and the type of investment. This role is consistent with the court's general authority over county funds. The commissioners court is charged, for example, with the duty of designating which county funds shall be demand deposits and which shall be time deposits, and it is empowered to "contract with a depository for interest on time deposits." Local Gov't Code § 116.111.

By contrast, the treasurer's role under section 116.112 is ministerial in character: the treasurer carries out the directives of the commissioners court. This function is also consistent with the treasurer's other duties. Section 113.001 of the Local Government Code declares that "[t]he county treasurer, as chief custodian of county funds, shall keep in a designated depository and shall account for all money belonging to the county." Section 113.003 provides that "[t]he county treasurer shall receive all money belonging to the county from whatever source it may be derived." The treasurer is required to disburse money belonging to the county, which he must pay and apply as required by law and as the commissioners court may direct. *Id.* § 113.041(a). The treasurer is also directed to endorse checks or warrants drawn on the county treasury by a proper authority. *Id.* § 113.042(a). The treasurer may not, however, make a payment if he "doubts the legality or propriety of an order, decree, certificate, or warrant presented to the treasurer for payment." *Id.* § 113.041(d). In such cases, the treasurer must report the matter to the commissioners court for further direction. Each of these responsibilities in essentially *ministerial* in character.

Section 116.112 does not define the term "invest." It is clear, however, that, when read together with the other provisions of chapters 113 and 116, the statute envisions an investment process comprising a mix of discretionary and ministerial acts. Section 116.112(a) authorizes a commissioners court to "direct the county treasurer" to "invest" county funds. No reference is made to any other officer or employee. Furthermore, under the terms of chapter 113, the treasurer is the "chief custodian" of county funds, and has the responsibility of disbursing and accounting

---

[1]The office of county treasurer has been abolished in a number of counties, specifically Tarrant, Bee, Bexar, Collin, Andrews, Gregg, El Paso, Fayette, and Nueces. *See* Tex. Const. art. XVI, § 44. Since it is a constitutional office, it may not be abolished by statute. *Moncrief v. Gurley,* 609 S.W.2d 863, 865 (Tex. Civ. App.--Fort. Worth 1980, writ ref'd n.r.e.).

for them. We believe that the cited provisions of the Local Government Code confer on the county treasurer the *ministerial functions* associated with the investment of county funds, and on the commissioners court the *discretionary authority* to direct the investment process.

Another statute, article 4413(34c), V.T.C.S., enacted in 1979, is applicable to a variety of state agencies and political subdivisions. It addresses, *inter alia*, the investment, deposit, withdrawal, transfer, and management of county funds. "Local funds" is defined in that statute as

> public funds in the custody of a state agency or political subdivision that are not required by law to be deposited in the state treasury and that the agency or subdivision has legal authority to invest.

V.T.C.S. art. 4413(34c), § 1(1). "Political subdivision" is defined as "a county, incorporated city or town, or special purpose district." *Id.* § 1(3): The statute further provides, in pertinent part:

> Sec. 2.(a) Each state agency or political subdivision shall adopt rules governing the investment of local funds of the agency or subdivision. The rules shall clearly specify the scope of authority of officers and employees of the agency or subdivision that are designated to invest the local funds.
>
> (b) A political subdivision may designate an officer or employee of a public funds investment pool created under The Interlocal Cooperation Act (Article 4413(32c), Vernon's Texas Civil Statutes) as the investment officer with responsibility for local funds investment. An officer or employee of a commission created pursuant to Chapter 391, Local Government Code [Regional Planning Commission], is not eligible to be designated under this section.
>
> Sec. 3.(a) If an officer is not assigned the function by law, a state agency or political subdivision by rule, order, ordinance, or resolution shall designate one or more officers or employees of

the agency, subdivision, or public funds investment pool to be responsible for the investment of local funds.

(b) No person may deposit, withdraw, invest, transfer, or otherwise manage local funds of a state agency or political subdivision that are eligible for investment without express written authority of the governing body or chief executive officer of the agency or subdivision.

Since chapters 113 and 116 of the Local Government Code deal only with county investments, while article 4413(34c), V.T.C.S., addresses the subject of investment by a variety of state agencies and political subdivisions, the provisions of the Local Government Code constitute the more specific statutes. Although, in a direct conflict, a specific statute controls over one which is more general, it is also the case that statutes dealing with the same subject matter should be construed together and, if possible, harmonized. *Trimmier v. Carlton*, 296 S.W. 1070 (Tex. 1927). We believe that article 4413(34c) may be read in harmony with chapters 113 and 116 of the Local Government Code. Nothing in article 4413(34c) would permit the commissioners court to entirely remove the county treasurer from the investment process. While the ultimate responsibility for designating the type and amount of investment, under the terms of section 116.112(a), lies with the commissioners court, the court, in effecting the investment, may act only through the agency of the treasurer.

Article 4413(34c) *does*, however, appear to allow the commissioners court to delegate *its own role* in the investment process. The general rule is that absent an enabling statute, a commissioners court may not delegate powers that involve the exercise of judgment or discretion. *Guerra v. Rodriguez*, 239 S.W.2d 915 (Tex. Civ. App.--San Antonio 1951, no writ). The court may, however, appoint an agent to make a contract on behalf of the county for, *inter alia*, "any . . . purpose authorized by law." Local Gov't Code § 262.001(a)(3). Under section 3(a) of article 4413(34c), the commissioners court may "designate one or more officers or employees . . . [as] responsible for the investment of local funds." The court is required to "adopt rules" which "shall clearly specify the scope of authority" of those persons "that are designated to invest the local funds." V.T.C.S. art. 4413(34c), § 2(a). Furthermore, no individual may direct such investment "without express written authority" of the commissioners court. *Id.* § 3(b). Thus, so long as it conforms to the guidelines set forth in article 4413(34c), a commissioners court may appoint an investment officer

or employee to perform its function of directing the county treasurer to make investments.[2] Since commissioners are also "officers" of the county, the court may delegate to one, two or three of its members sole discretion in making daily investment decisions and issuing directives to the county treasurer.

## SUMMARY

A commissioners court may not remove a county treasurer entirely from the process of investing county funds, but it may *designate* which funds are to be invested and *direct* the treasurer to invest those funds in accordance with the Public Funds Investment Act, article 842a-2, V.T.C.S. A commissioners court may, by express written authority, delegate its designative and directive functions to another county officer or employee, including one or more individual commissioners.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[2]Article 4413(34c) would seem to permit the commissioners court to delegate its investment functions to the county treasurer, since that individual is a "county officer."

p. 489

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Rick Gilpin
Assistant Attorney General