

OFFICE *of the* ATTORNEY GENERAL

GREG ABBOTT

February 11, 2003

The Honorable Jane Nelson
Chair, Sunset Advisory Commission
P. O. Box 13066
Austin, Texas 78711-3066

The Honorable Warren D. Chisum
Vice Chair, Sunset Advisory Commission
P. O. Box 13066
Austin, Texas 78711-3066

Opinion No. GA-0021

Re: Implementation of 1999 amendments to article XVI, section 30a, of the Texas Constitution, which governs the membership and terms of office of members of certain state boards (RQ-0587-JC)

Dear Senator Nelson and Representative Chisum:

In 1999, the Texas Legislature proposed and the voters of Texas ratified certain amendments to article XVI, section 30a, of the Texas Constitution, which acts as an exception to the two-year limit on terms of office for members of state boards or commissions that is imposed by section 30 of article XVI. You ask a series of questions regarding the proper construction and scope of the amended section 30a.[1] We will answer each of your questions in turn.

**Background**

Section 30 of article XVI of the Texas Constitution, an original part of the 1876 Texas Constitution, provides that the term of office of all offices not otherwise fixed by the constitution is two years. *See* TEX. CONST. art. XVI, § 30. In 1894, the section was amended to permit the legislature to set the terms of office for members of the Texas Railroad Commission at six years, with the terms of office staggered. *See id.* In 1912, article XVI was amended by the addition of section 30a, which originally permitted the legislature to set the terms of office at six years if one-third of the members were appointed or elected every two years.[2] This provision in effect required

---

[1]*See* Letter from Honorable Jane Nelson, Chair, and Honorable Warren D. Chisum, Vice Chair, Sunset Advisory Commission, to Honorable John Cornyn, Texas Attorney General (Aug. 1, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Section 30a serves as an exception to section 30. Section 30 governs all "offices" whose terms are not otherwise set in the constitution and, therefore, references made in section 30a to "members" of boards and commissions refer to what essentially is a subset of "offices," specifically members of state boards or commissions.

the number of board or commission members to be divisible by three – the "divisible-by-three rule."[3] The purpose of section 30a, at least prior to its amendment in 1999, was to permit the legislature to fix terms of office greater than the two-year limit imposed by section 30 of article XVI; thus, after its enactment, the legislature was empowered to create boards or commissions whose members served either six-year terms of office or terms of office of up to two years. As the Texas Supreme Court said in *Cowell v. Ayers*, 220 S.W. 764 (Tex. 1920):

> [W]e cannot ascribe to Section 30a any other meaning than as placing it within the power of the Legislature to fix terms, at its discretion, for the offices specified, of either six years or of any time not to exceed two years.
>
> . . . .
>
> The true and entire effect of section 30a is to enlarge the legislative power over the tenure of certain offices. It was adopted to enable the Legislature to exercise wider discretion over the terms with which it deals.

*Cowell*, 220 S.W. at 766.

In 1999, section 30a was amended to permit the legislature to create boards or commissions whose members serve terms of office of six years, with the boards composed of odd numbers of three or more members with one-third, or as near one-third as possible, of the members to be elected or appointed every two years, thereby effectively repealing the so-called divisible-by-three rule. A second sentence was added to permit the legislature to provide by law that certain boards may be composed of a number divisible by three. Section 30a of article XVI of the Texas Constitution currently provides:

> The Legislature may provide by law that the Board of Regents of the State University and boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, and such boards as have been, or may hereafter be established by law, may be composed of an odd number of three or more members who

---

[3]Prior to its recent amendment, section 30a of article XVI of the Texas Constitution provided:

> The Legislature may provide by law that the members of the Board of Regents of the State University and boards of trustees or managers of the educational, eleemosynary, and penal institutions of the State, and such boards as have been, or may hereafter be established by law, may hold their respective offices for the term of six (6) years, one-third of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section.

Tex. H.R.J. Res. 9, 32d Leg., R.S., 1911 Tex. Gen. Laws 286.

serve for a term of six (6) years, with one-third, or as near as one-third as possible, of the members of such boards to be elected or appointed every two (2) years in such manner as the Legislature may determine; vacancies in such offices to be filled as may be provided by law, and the Legislature shall enact suitable laws to give effect to this section. The Legislature may provide by law that a board required by this constitution be composed of members of any number divisible by three (3) who serve for a term of six (6) years, with one-third of the members elected or appointed every two (2) years.

TEX. CONST. art. XVI, § 30a.[4] Because the legislature might have to increase or decrease the number of members to appointed or elected boards as a consequence of the amendments to section 30a, you ask a series of questions regarding its proper scope and construction.

## I. Application of article XVI, sections 30 and 30a, of the Texas Constitution to advisory boards and advisory commissions

You first ask whether advisory boards and advisory commissions fall within the ambit of section 30 and the recently amended section 30a of article XVI. You do not ask us to consider any specific advisory board or advisory commission; rather you ask about advisory boards or advisory commissions generally.

Your question is prompted by the holding of an attorney general opinion, Attorney General Opinion H-998 (1977), which, it has been suggested, appears to conclude that the fact that members of an advisory board created by statute serve staggered six-year terms of office is, alone, sufficient

---

[4]Section 30a was amended by House Joint Resolution 29, section 2 of which added the following temporary provision:

*TEMPORARY PROVISION. (a) This temporary provision applies to the amendment to Section 30a, Article XVI, of this constitution, proposed by the 76th Legislature, that provides that the governing body of a state agency may be composed of an odd number of three or more members. This provision expires September 1, 2005.*

*(b) The legislature shall provide by law for the change in composition of the governing body of a state agency that is composed in accordance with Section 30a, Article XVI, of this constitution, as added in 1912, but that is not composed in accordance with the amendment to that section. Laws enacted by the legislature under this subsection shall provide that the change in composition into a form allowed under this constitution will take place not later than September 1, 2003.*

*(c) The governing body of a state agency composed in accordance with Section 30a, Article XVI, of this constitution, as added in 1912, but that is not composed in accordance with the amendment to that section, may continue to act as the governing body until a quorum of the members of the governing body who take office under a law adopted under Subsection (b) of this section have qualified.*

Tex. H.R.J. Res. 29, 76th Leg., R.S., 1999 Tex. Gen. Laws 6606.

to establish that members of the advisory board are public officers whose terms of office are governed by sections 30 and 30a. You suggest, on the other hand, that members of advisory boards are not "officers," citing the definition of "officer" approved in *Aldine Independent School District v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (quoting *Dunbar v. Brazoria County*, 224 S.W.2d 738, 740-41 (Tex. Civ. App. – Galveston 1949, writ ref'd)). You maintain that Attorney General Opinion H-998 has been effectively overruled by subsequent attorney general opinions. *See, e.g.*, Tex. Att'y Gen. Op. Nos. DM-218 (1993), DM-149 (1992), MW-415 (1981); Tex. Att'y Gen. LO-94-021.

We agree that members of advisory boards or advisory commissions are not "officers," generally, for purposes of sections 30 and 30a, provided, of course, that their duties truly are advisory. We agree, not merely because Attorney General Opinion H-998, has been impliedly overruled by subsequently issued opinions; we agree because Attorney General Opinion H-998 was incorrectly decided insofar as it concluded that a member of an advisory board was an "officer" for purposes of section 30a of article XVI. The *Aldine* case itself, which sets forth the relevant definition of "officer," does so for purposes of section 30 of article XVI; indeed, a line of cases handed down prior to *Aldine* concluded that sections 30 and 30a reached only persons vested by law with some portion of the sovereign functions of government to be exercised by them for the benefit of the public. *See, e.g., McDonald v. City of Dallas*, 69 S.W.2d 175 (Tex. Civ. App.–Dallas 1934), *rev'd on other grounds,* 103 S.W.2d 725 (Tex. 1937); *Kimbrough v. Barnett*, 55 S.W. 120, 122 (Tex. 1900).

Attorney General Opinion H-998 concluded that advisory board members are "civil officers" for purposes of the Texas Constitution, based upon a prior opinion, Attorney General Opinion H-877 (1976), which itself relied on an earlier letter advisory issued by this office, Letter Advisory 63 (1973). Letter Advisory 63 was expressly overruled in a later opinion, Attorney General Opinion MW-415 (1981). Letter Advisory 63 drew the now-rejected distinction between "civil office" and "public office" and indicated that one could be a "civil officer" even though one were not exercising a sovereign function of the state independent of the control of others. It was precisely the failure of Letter Advisory 63 to include the requirement that a civil officer, like a public officer, exercise authority independent of the control of others that compelled its being overruled in Attorney General Opinion MW-415 (1981).

Moreover, the authority on which Attorney General Opinion H-998 appeared to rely in support of the proposition that advisory board members were "officers" for purposes of section 30a of article XVI, namely Attorney General Opinion M-505 (1969), did not address the status of an advisory board; rather, that opinion addressed whether the terms of office of ex officio members of the Texas Civil Judicial Council, which was not an advisory board, were subject to the six-year term of office requirement of section 30a. Therefore, the authorities on which Attorney General Opinion H-998 relied in support of the proposition that advisory board members are "civil officers" for purposes of section 40 of article XVI and "officers" for purposes of section 30a of article XVI, do not, in fact, support that proposition.

As you note in your request letter, opinions issued by this office subsequent to the issuance of Attorney General Opinion H-998 expressly conclude that members of advisory boards are not

"officers " for various purposes. *See* Tex. Att'y Gen. Op. Nos. DM-218 (1993) (for purposes of article 5190.6 of the Revised Civil Statutes (the Development Corporation Act of 1979)); DM-149 (1992) (for purposes of the Texas Open Meetings Act); Tex. Att'y Gen. LO-94-021 (for purposes of a statute creating a water advisory committee). In concluding that members of a city's advisory boards are not "officers" for purposes of the Development Corporation Act of 1979, this office noted that:

> Under state law, a public officer generally has a fixed term and may be removed only in accordance with the applicable provisions of law. *Aldine Indep. School Dist. v. Standley*, 280 S.W.2d 578 (Tex. 1955). In addition, a public officer is someone upon whom some sovereign function of the government is conferred for the benefit of the public, largely independent of the control of others. *Id.* at 583. *An individual who serves in a merely advisory capacity does not exercise sovereign powers independent of the control of others and is therefore not an officer. The determination whether members of a particular municipal advisory board are officers depends upon the foregoing factors and must be made on a case-by-case basis.*

Tex. Att'y Gen. Op. No. DM-218 (1993) at 4 (emphasis added).

We reaffirm the rule of Attorney General Opinion DM-218 and conclude that, while a member of an advisory board may have a fixed term and may be removed only in accordance with applicable provisions of law, the fact that such a member does not exercise sovereign powers largely independent of the control of others precludes such a person, in our view, from being deemed an officer for purposes of sections 30 and 30a of article XVI. To the extent that Attorney General Opinion H-998 stands for the proposition that members of advisory boards are "officers" for purposes of section 30a of article XVI, it is overruled.

You also ask whether an advisory board or advisory commission that nevertheless exercises what you term "incidental functions" that are "not purely advisory largely independent of the control of the governmental entity it exists to advise but that [whose] incidental functions are few and de minimis" may fall within the ambit of sections 30 and 30a of article XVI. *See* Request Letter, *supra* note 1, at 3. It has been suggested that a line of attorney general opinions hold that various offices, boards, commissions, or agencies having duties incidental to their primary advisory duties are subject to a "de minimis" rule to the effect that incidental duties do not change the character of that office, board, or commission from being merely advisory to governmental (or, in one case, from being a member of one branch of government to another). *See e.g.*, Tex. Att'y Gen. Op Nos. DM-430 (1997), DM-149 (1992), DM-49 (1991), JM-993 (1988), JM-578 (1986), JM-141 (1984), H-1221 (1978), M-136 (1967); Tex. Att'y Gen. LO-98-059, LO-95-039.

After examining each of the opinions and letter opinions cited, we conclude that none of them stand for the proposition that a member of an otherwise advisory board or advisory commission whose statute confers duties authorizing the member to exercise some "de minimis" sovereign

functions of the state independent of the control of others somehow remains a member with only advisory status and is not an "officer" for purposes of the *Aldine* standard. In several of the cited authorities, members of boards or commissions that were advisory in name were deemed to exercise sovereign functions of the state independent of the control of others and, therefore, were held to be officers of board or commission that were, by law, not advisory. *See* Tex. Att'y Gen. Op. Nos. DM-430 (1997) (modifying DM-149 (1992)), JM–993 (1988), H-1221 (1978); Tex. Att'y Gen. LO-98-059, LO-95-039. Attorney General Opinion M-136 (1967), was impliedly overruled by a later opinion, Attorney General Opinion DM-149 (1992). Two of the cited authorities do not address this issue at all. *See* Tex. Att'y Gen. Op. Nos. DM-49 (1991); JM-578 (1986). And the one opinion that does invoke a "de minimis" standard, Attorney General Opinion JM-141 (1984), does so when applying article II, section 1 of the Texas Constitution (the principle of separation of powers) to the issues of dual office holding and conflicts of interest, an application of article II, section 1 of the Texas Constitution that expressly has been rejected. *See* Tex. Att'y Gen. Op. No. JC-0216 (2000).

Nevertheless, echoing the rationales of the opinions cited, we conclude that one must look to the constitutional or statutory provisions creating the board or commission and conferring authority on it, in their entirety and on a case-by-case basis, to determine whether a board or commission is denominated advisory and therefore falls outside the ambit of sections 30 and 30a. Under the test of *Aldine*, if an advisory board or advisory commission, in fact, exercises some part of the sovereign authority of the state largely independent of the control of others, that advisory board or advisory commission is not truly advisory, regardless of whatever name the board or commission is given. Because you do not ask us to address whether any specific advisory boards or advisory commissions having incidental duties are truly advisory, we can offer no more specific guidance.

## II. Status of voting ex officio members in determining the number of members of a board or commission for purposes of article XVI, section 30a of the Texas Constitution

An ex officio member of a board or commission is a person who holds that ex officio membership by virtue of his holding another office. The ex officio duties do not constitute a separate and distinct office; rather, they are additional duties imposed by virtue of that person holding another particular office. *See Irwin v. State*, 177 S.W.2d 970, 973 (Tex. Crim. App. 1944); *Jones v. Alexander*, 59 S.W.2d 1080, 1081-82 (Tex. 1933). We understand you to ask whether voting ex officio board members are counted in determining the number of members of a board for purposes of section 30a. You suggest that several opinions from this office support the proposition that ex officio members do not count in determining the number of members under section 30a. *See* Request Letter, *supra* note 1, at 3. (citing Tex. Att'y Gen. Op. Nos. M-901 (1971), M-505 (1969), M-504 (1969), M-305 (1968)). In fact, none of the opinions cited stand for the proposition that voting ex officio members do not count in determining the number of members of a board for purposes of the section 30a; rather, they conclude that voting ex officio members do count in making that determination.

In Attorney General Opinion M-505, the issue addressed was whether the length of terms of office of ex officio members of the Texas Civil Judicial Council, a body that comprises both

appointed and ex officio members, violated the six-year term provision of section 30a. At issue in the opinion was not whether the ex officio members should be counted for purposes of determining the number of members under section 30a; rather, the issue was whether the six-year term-of-office requirement of section 30a applied to the ex officio terms of office. Citing an earlier opinion of this office, Attorney General Opinion S-94 (1953), which held that the dual-office-holding prohibitions of sections 33 and 40 of article XVI do not apply to the performance of ex officio duties, the opinion concluded that, because the ex officio duties are additional and do not have the effect of creating a separate and distinct office, section 30a does not apply to the performance of those ex officio duties. Tex. Att'y Gen. Op. No. M-505 (1969) at 2-4.

Attorney General Opinion M-504, while striking down certain term of office provisions in a statute governing the Texas Board of Licensure for Nursing Home Administrators because such provisions violated the six-year-term requirement of section 30a, expressly held that two ex officio members of the then-nine-member board were to be counted and that the board comprised seven appointed members and two ex officio members, in compliance with the divisible-by-three rule of section 30a. *See* Tex. Att'y Gen. Op. No. M-504 (1969) at 3, 5.

Attorney General Opinion M-901, did not hold that ex officio members do not count in determining the number of members of a board for purposes of section 30a. *See* Tex. Att'y Gen. Op. No. M-901 (1971). One sentence quoted from Attorney General Opinion M-901, taken out of context, might arguably support such a construction, but a reading of the opinion, as a whole, does not in fact support such a construction. The opinion addressed a bill that amended the statute governing the aforementioned Texas Board of Licensure for Nursing Home Administrators to correct the unconstitutional term of office noted in Attorney General Opinion M-504. The sentence in Attorney General Opinion M-901 incorrectly described the effect of the amending statute at issue in the opinion.

The one offending sentence in Attorney General Opinion M-901 stated: "In addition to changing terms of office of the appointed members of the board, House Bill 1756 reduced the membership of the board to six (6) appointed members *and* two (2) ex officio members." *See id.* at 3 (emphasis added). That sentence implied that the number of members of the board was reduced by the amendment from nine to eight – six "regular" members and two voting ex officio members, with the voting ex officio members not included in determining the number of members for purposes of the divisible-by-three rule. Thus, the misstatement in the opinion implied that, in order for the number of members of the board to comply with the divisible-by-three rule, one could not count the voting ex officio members. If the two voting ex officio members were not counted, *i.e.*, were subtracted from the total of eight, the board was left with six members – a number that is divisible by three.

The quoted sentence of the opinion incorrectly stated the effect of the amended statute, and, as a result, was wrong to that extent. The amendment to the statute reduced the membership of the board from a total of nine to a total of six appointed members, not eight, with two of those six members being ex officio members; the two ex officio members were counted in computing the total of members to be six. The offending sentence of Attorney General Opinion M-901 incorrectly

described the effect of the statutory amendment, but the error did not result in the opinion reaching an incorrect conclusion; the opinion did not address whether voting ex officio members should be counted when applying the divisible-by-three rule.

Finally, Attorney General Opinion M-305, does not address ex officio members, but rather addresses "superadded duties" conferred on a state district judge who also serves as a presiding administrative judge. *See* Tex. Att'y Gen. Op. No. M-305 (1968) at 3.

The principal purpose of the 1999 amendment to section 30a was to prevent tie votes by creating boards or commissions composed of odd-numbers of members and to permit the legislature to increase or reduce the number of members of boards or commissions to numbers other than those divisible by three. *Hearings on Tex. H.R.J. Res. 29 Before the House Comm. on State Affairs*, 76th Leg., R.S. (Mar. 8, 1999). The only difference between voting ex officio board members and other members is in their manner of appointment. *See, e.g., Grant v. United Gas Pipeline Co.*, 457 S.W.2d 315, 320 (Tex. Civ. App. – Corpus Christi 1970, writ ref'd n.r.e.); Tex. Att'y Gen. Op. No. DM-160 (1992) (modified by Attorney General Opinion JC-0580 (2002). As opposed to members whose responsibilities are "advisory," voting members, including voting ex officio members, take official action that binds the board or commission on which they serve. As a consequence, we know of no reason why the legislature that proposed and the voters who ratified the amendment would want to exclude voting ex officio members in determining the number of members of a board. Therefore, we conclude that voting ex officio members of boards and commissions are to be included in determining the number of members for purposes of section 30a of article XVI of the Texas Constitution.

## III. Whether certain boards are "required by this constitution" for purposes of section 30a

We note at the outset that the amended section 30a provides the legislature with two options when creating boards or commissions whose members' terms are longer than two years. The first option is set forth in the first sentence, which applies to "such boards as have been or may hereafter be established by law," and is broader in scope than the second option, which is set forth in the second sentence and applies to boards or commissions "required by this constitution." The second sentence carves out a subset, as it were, from the set of all state boards or commissions – the subset of boards or commissions "required by this constitution." Thus, if the legislature chooses the first option, it may do so for any board or commission, regardless of whether the board or commission "is required by this constitution." However, if the legislature chooses the second option, it may do so only for boards or commissions "required by this constitution." It should be noted, however, that, merely because a board or commission is "required by this constitution," the legislature is not required to employ only the option set forth in the second sentence. The option is just that – an option – and, the legislature may employ the first option when addressing boards or commissions "required by this constitution."

You ask whether the amended section 30a of article XVI applies to a list of specified state agencies. *See* Request Letter, *supra* note 1, at 5-6. Our focus is on the proper construction of the second sentence added to section 30a by the 1999 amendment: "The Legislature may provide by law

that a board required by this constitution be composed of members of any number divisible by three (3) who serve for a term of six (6) years, with one-third of the members elected or appointed every two (2) years." TEX. CONST. art. XVI, § 30a. The threshold issue is the meaning of the phrase "required by this constitution." You ask whether the specific boards or commissions about which you inquire fall within the ambit of the first sentence only of section 30a, which requires an odd number of members, or fall also within the ambit of the second sentence of section 30a, which permits the legislature to create a board having an even number of members divisible by three.

State boards or commissions may be affirmatively created by the constitution, required to be created by the constitution, or authorized to be created by the constitution. *See e.g.*, TEX. CONST. art. III, § 24a (creating the Texas Ethics Commission); *id.* article V, § 1-a(2) (creating the State Commission on Judicial Conduct); *id.* article VII, § 8 (requiring the legislature to create a State Board of Education); *id.* art. III, § 47(e) (authorizing state to operate lotteries); *id.* art. III, 59 (authorizing legislature to pass laws as may be necessary to provide for a workers' compensation program).

However, the mere mention of a board or commission in a constitutional provision does not create that agency. *See Cowell v. Ayers*, 220 S.W. 764, 765 (Tex. 1920). In *Cowell*, a statute creating the State Board of Control and conferring authority on the board that effectively abolished boards of managers of state asylums was challenged as violating article XVI, section 30a of the Texas Constitution. It was urged that, because section 30a listed boards of managers of state asylums as boards whose terms of office could be set at six years by the legislature, such boards of managers were, in effect, created by the constitution, and that therefore, the legislature was without authority to abolish those offices. *See Cowell*, 220 S.W. at 765. The Texas Supreme Court acknowledged that the legislature was without power to abolish offices created by the constitution, but it disagreed that section 30a created any office:

> The Legislature is without power to abolish constitutional offices, or to shorten terms of office which are fixed by the Constitution. . . .

> However, the mere mention of an office or of its term in a Constitution lacks much of creating an office or prescribing the duration for which it is to be held. . . .

> Section 30a uses no language suitable to create offices or to prescribe terms. The omission of language of this sort – too plain to be misunderstood – becomes significant when we look to other sections of the Constitution dealing with public officers. For instance, we find in positive words that the executive and the judicial and the legislative departments or power shall consist of, or be vested in, named officials; that they shall be selected in a certain manner; that they shall have definite terms; and that they shall perform certain duties. As such language evidences an intent for the state to always

> have these officers and that they shall be secure in fixed terms, so the
> failure to use language of like tenor strongly indicates a contrary
> purpose.

*Id.*; *see also City of Denison v. Mun. Gas Co.*, 3 S.W.2d 794, 796 (Tex. 1928) (language in neither article XVI, section 30, nor article X, section 2 of the Texas Constitution created the Texas Railroad Commission; commission was created by statute and its creation was permissive).

The relevant sentence of section 30a that includes the phrase "required by this constitution" was added as a floor amendment in the house and might be construed to refer only to those boards or commissions affirmatively created by the constitution or, in the alternative, might be construed to include those agencies that the constitution directs the legislature to create, in addition to those affirmatively created. Based upon the *Cowell* court's reliance on language in articles III, IV, and V of the Texas Constitution, we have some guidance as to what sort of language will create an office. *See Cowell*, 220 S.W. at 765. However, at issue is whether the amended section 30a is intended also to apply to boards or commissions required to be created by the constitution. After examining the scant legislative history, we conclude that section 30a is applicable to such boards or commissions.

The legislative testimony, while not dispositive in resolving the matter, does offer illustrations of boards to which the legislature deemed section 30a to be applicable. The proposed amendment to section 30a, as filed, passed the committee without change. On second reading on the house floor, the sponsor of the amendment, Representative Gallego, in offering a "perfecting amendment" to his own proposed amendment to section 30a, stated:

> Currently, the constitution requires that we go on the number of people on boards from three to six to nine to twelve. We can't ever do five members. We can't ever do seven members. We can't do odd numbers of members like that. This [the proposed amendment to section 30a] would allow us to do odd-numbered boards. There's a perfecting amendment that next makes sure that if there is a current six-member board like the Retirement System or Water Development Board or one of those agencies that has a six-member board, we wouldn't be changing that board automatically.
>
> . . . .
>
> The amendment [to the proposed amendment to section 30a] is the amendment I first talked to you about with respect to not changing any of the membership or the numbers on the current boards.

*Debate on Tex. H.R.J. Res. 29, on the Floor of the House*, 76th Leg., R.S. (Apr. 22, 1999).

Because of the sponsor's express reference to the retirement systems and the Water Development Board, one of which is affirmatively created by the constitution and the others required to be created by the constitution, we believe that the phrase "required by this constitution" is intended to include both boards or commissions affirmatively created by the constitution and those directed by the constitution to be created. We turn to the specific agencies about which you ask.

## 1. Board of Pardons and Paroles

The first sentence of subsection (a) of article IV, section 11 of the Texas Constitution provides: "The Legislature shall by law establish a Board of Pardons and Paroles and shall require it to keep record of its actions and the reasons for its actions." TEX. CONST. art. IV, § 11. No language in that section specifies either the number or terms of office of members of the board. Rather, by statute, the Board of Pardons and Paroles comprises eighteen members appointed by the governor with the advice and consent of the senate, TEX. GOV'T CODE ANN. § 508.031 (Vernon Supp. 2003), with each serving a six-year term, *id.* § 508.037(a) (Vernon 1998). Clearly, the constitution does not create the Board of Pardons and Paroles; by its terms, the constitution requires the legislature to create the Board of Pardons and Paroles. Under our construction of the last sentence of article XVI, section 30a, we conclude that the board is "required by this constitution" for purposes of section 30a and that the board thereby falls within the permissive scope of the second sentence of that section.

## 2. Board of Pardons and Paroles Policy Board

In addition to appointing members to the Board of Pardons and Paroles, the governor is required to designate six members of the Board of Pardons and Paroles to serve as the Board of Pardons and Paroles Policy Board, with service on the policy board an additional duty of office for members of Board of Pardons and Paroles. *Id.* § 508.036 (Vernon Supp. 2003). The members of the Board of Pardons and Paroles designated as members of the policy board serve on the policy board for six-year terms that are concurrent with their six-year terms on the board, with the service of two members of the policy board expiring February 1 of each odd-numbered year. *Id.*

You appear to assume that the Board of Pardons and Paroles Policy Board is created pursuant to section 11 of article IV of the Texas Constitution. *See* Request Letter, *supra* note 1, at 5. However, the only board required to be created by article IV, section 11 is the Board of Pardons and Paroles itself. The Board of Pardons and Paroles Policy Board is not "required" by article IV, section 11.

Section 11B(a) of article IV of the Texas Constitution authorizes the legislature to

organize and combine into one or more agencies all agencies of the state that:

(1) have authority over the confinement or supervision of persons convicted of criminal offenses;

> (2) set standards or distribute state funds to political subdivisions that have authority over the confinement or supervision of persons convicted of criminal offenses; or
>
> (3) gather information about the administration of criminal justice.

TEX. CONST. art. IV, § 11B(a). Even if we were to construe section 11B as providing the necessary enabling language for the creation of the policy board, the language of section 11B does not "require" the creation of the policy board. Nor can we find any other provision of the Texas Constitution that does "require" the creation of the policy board. Therefore, we conclude that the Board of Pardons and Paroles Policy Board is not "required by this constitution" for purposes of the amended section 30a of article XVI of the Texas Constitution and thereby falls only within the scope of the first sentence of that section.

### 3. State Medical Education Board

The first sentence of section 50a of article III of the Texas Constitution provides that "[t]he Legislature shall create a State Medical Education Board to be composed of not more than six (6) members whose qualifications, duties and terms of office shall be prescribed by law." TEX. CONST. art. III, § 50a. By statute, the board comprises six members with each serving a six-year term. *See* TEX. REV. CIV. STAT. ANN. art. 4498c, § 2 (Vernon Supp. 2003). Clearly, though the Texas Constitution does not create the board, it does require the legislature to create it. TEX. CONST. art. III, § 50a. Therefore, we conclude that the State Medical Education Board is "required by this constitution" for purposes of section 30a of article XVI of the Texas Constitution and thereby falls within the permissive scope of the second sentence of that section.

### 4. Employees Retirement System of Texas

The board of trustees of the Employees Retirement System comprises six members, TEX. GOV'T CODE ANN. § 815.001 (Vernon 1994), with each serving a six-year term, *id.* §§ 815.002, 815.003 (Vernon 1994 & Supp. 2003). At first blush, it would appear that the Texas Constitution does not "require" the creation of the Employees Retirement System of Texas. Subsection (a)(1) of section 67 of article XVI provides that the legislature "*may* enact general laws establishing systems and programs of retirement and related disability and death benefits for public employees and officers." TEX. CONST. art. XVI, § 67(a)(1) (emphasis added). However, subsection (b)(2) provides in relevant part that "[t]he legislature shall establish by law an Employees Retirement System of Texas to provide benefits for officers and employees of the state . . . ." *Id.* art. XVI, § 67(b)(2). We believe that the legislative history surrounding the adoption and ratification of section 67 supports the proposition that the Texas Employees Retirement System of Texas is "required" by the constitution.

Section 67 was adopted in 1975 at the same time that several other sections of the constitution were repealed. The bill analysis prepared for Senate Joint Resolution 3 stated:

> The proposed amendment is similar to the proposal which was overwhelmingly approved during the 1974 Constitutional Convention. The proposal combines the various detailed provisions in the present constitution into a more concise provision, eliminates rigidities which required constitutional amendments each time the Legislature sought to improve retirement benefits, and strengthens protections for members of existing systems.

SENATE COMM. ON CONSTITUTION REVISION, BILL ANALYSIS, Tex. S.J. Res. 3, 64th Leg., R.S. (1975).

As this office noted in an earlier opinion, the amendment enacting section 67 accomplished two broad objectives. First, subsection (a) of section 67 is a grant of authority, conferring very flexible power on the legislature to establish retirement and disability systems. Second, in addition to the conferral of flexible authority on the legislature set forth in subsection (a) of section 67, subsections (b), (c), and (d) direct the legislature to establish or retain certain retirement systems. Subsection (b) of section 67 directs the legislature to create state retirement and disability systems for teachers, state officers, and state employees. See TEX. CONST. art. XVI, § 67. See Tex. Att'y Gen. Op. No. JM-1142 (1990) at 6.

With respect to the Employees Retirement System, the bill analysis declared: "Paragraphs (1) and (2) of subsection (b) basically retain existing language in mandating the Legislature to provide for the Teachers Retirement System and the State Employees Retirement System." SENATE COMM. ON CONSTITUTION REVISION, BILL ANALYSIS, Tex. S.J. Res. 3, 64th Leg., R.S. (1975). We believe that the language of subsection (b)(2) of section 67 "requires" the legislature to create the Texas Employees Retirement System for purposes of section 30a of article XVI of the Texas Constitution and that the System thereby falls within the permissive scope of the second sentence of that section.

## 5. Texas Municipal Retirement System

The board of trustees of the Texas Municipal Retirement System comprises six members, TEX. GOV'T CODE ANN. § 855.001 (Vernon 1994), with each serving a six-year term, id. § 855.004. Section (c) of section 67 of article XVI directs the legislature to provide for both local and statewide retirement systems for local governments and provides in pertinent part:

> (c) Local Retirement Systems.
>
> (1) The legislature shall provide by law for:
>
> (A) the creation by any city or county of a system of benefits for its officers and employees;

> (B) a statewide system of benefits for the officers and employees of counties or other political subdivisions of the state in which counties or other political subdivisions may voluntarily participate; and

> (C) a statewide system of benefits for officers and employees of cities in which cities may voluntarily participate.

TEX. CONST. art. XVI, § 67(c). It is pursuant to subsection (c)(1)(C) that the Texas Municipal Retirement System was created.

While it is true that subsection (c)(1)(C) does not mention the system expressly by name, the subsection clearly directs the legislature to "provide by law" for such a system. Moreover, the bill analysis for Senate Joint Resolution No. 3 declared that the legislature was required to create such a system:

> Paragraphs (1), (2), and (3) of subsection (c) require the Legislature to provide for (a) the creation of separate local systems by cities and counties, (b) a statewide system of benefits in which counties or other political subdivisions can participate on a voluntary basis, and (c) a statewide municipal system in which towns and cities can participate on a voluntary basis.

SENATE COMM. ON CONSTITUTION REVISION, BILL ANALYSIS, Tex. S.J. Res. 3, 64th Leg., R.S. (1975). Consequently, we believe that subsection (c)(1)(C) of section 67 of article XVI "requires" the legislature to create a municipal retirement system, by whatever name, for purposes of section 30a of article XVI of the Texas Constitution and that a municipal retirement system thereby falls within the permissive scope of the second sentence of that section.

## 6. Texas Water Development Board

The Texas Water Development Board comprises six members, TEX. WATER CODE ANN. § 6.052 (Vernon Supp. 2003), with each serving a six-year term, *id.* § 6.056 (Vernon 2000). Subsection (a) of section 49-c of article III of the Texas Constitution affirmatively creates the Texas Water Development Board:

> The Texas Water Development Board, an agency of the State of Texas, shall exercise such powers as necessary under this provision together with such other duties and restrictions as may be prescribed by law. The qualifications, compensation, and number of members of said Board shall be determined by law. They shall be appointed by the Governor with the advice and consent of the Senate in the manner and for such terms as may be prescribed by law.

TEX. CONST. art. III, § 49-c. We conclude, therefore, that the board is "required" by the constitution for purposes of section 30a of article XVI of the Texas Constitution and thereby falls within the permissive scope of the second sentence of that section.

## 7. Texas Prepaid Higher Education Tuition Board

Section 19(a) of article VII of the Texas Constitution creates the Texas Tomorrow Fund, "a trust fund dedicated to the prepayment of tuition and fees for higher education as provided by the general laws of this state for the prepaid higher education tuition program," with the state holding the assets of the fund "for the exclusive purposes of providing benefits to participants and beneficiaries and defraying reasonable expenses of administering the program." TEX. CONST. art. VII, § 19(a). Subsection (c) of section 19 provides that "[a]ssets of the fund may be invested by an entity designated by general law . . . ." TEX. CONST. art. VII, § 19(c). Section 19 neither creates the board nor requires the legislature to create it. Rather, section 19 authorizes the legislature to provide by law for the administration of the constitutional fund.[5] Consequently, we conclude that the board is not "required" by the constitution for purposes of section 30a of article XVI of the Texas Constitution and therefore, the board falls only within the scope of the first sentence of that section. However, because the board currently comprises seven members, no action by the legislature is necessary in order for the board to comply with section 30a.

## 8. Texas Higher Education Coordinating Board

Sections 50b-4 and 50b-5 of article III of the Texas Constitution authorize the Texas Higher Education Coordinating Board "or its successor or successors" to issue and sell general obligation bonds for certain amounts and for certain purposes. See TEX. CONST. art. III, §§ 50b-4, 50b-5. Section 50b-4 was proposed and ratified in 1995; section 50b-5, in 1999. The purpose of section 50b-4 was to "provide [] for the student loan program administered by the Texas Higher Education Coordinating Board and [to] authorize the issuance of bonds." HOUSE COMM. ON FINANCIAL INSTITUTIONS, BILL ANALYSIS, Tex. H.R.J. Res. 50, 74th Leg., R.S. (1995). The purpose of section 50b-5 was to "authorize the Texas Higher Education Coordinating Board to create [sic] a general obligation bond to finance educational loans for students." SENATE RESEARCH CTR., BILL ANALYSIS, Tex. SJ. Res. 16, 76th Leg., R.S. (1999). In other words, the purpose of the amendments was to permit the state to incur debt that the state would not have otherwise been permitted to incur under the constitution.

The constitution authorizes the board to do certain things, but does not "require" its specific existence. Indeed, the text of the constitution itself recognizes that the board may not exist at some time in the future, because both sections include the phrase "its successor or its successors." No language in either of the constitutional sections either creates the board or requires the legislature to create the board; rather, the board is created by section 61.021 of the Education Code, a section whose predecessor statute was first enacted in 1955. See Acts of May 17,1955, 54th Leg., R.S., ch.

---

[5]Chapter 54 of the Education Code establishes the Texas Prepaid Higher Education Tuition Board. See TEX. EDUC. CODE ANN. § 54.6001 (Vernon Supp. 2003); § 54.606 (Vernon 1996).

487, § 2, 1955 Tex. Gen. Laws 1217. Section 61.022 of the Education Code creates the board, which comprises eighteen members appointed by the governor with the advice and consent of the senate, with each member serving a six-year term of office and with six members' terms expiring every two years. As *Cowell* declared and as we noted earlier, the mere mention of a board or commission in a constitutional provision, without more, does not act to create that board or commission. *See Cowell*, 220 S.W. at 765. Therefore, we conclude that the board is not "required by this constitution" for purposes of section 30a of article XVI of the Texas Constitution and therefore, the board falls only within the scope of the first sentence of that section.

## IV. Whether the Texas Military Facilities Commission is subject to article XVI, sections 30 and 30a of the Texas Constitution

Finally, you ask whether the members of the Texas Military Facilities Commission are subject to article XVI, sections 30 and 30a of the Texas Constitution. Your question is prompted by a sixty-year-old Texas Supreme Court case and recent statutory changes to the composition and terms of office of members of the commission. In *Texas National Guard Armory Board v. McCraw*, 126 S.W.2d 627 (Tex. 1939), the Texas Supreme Court held that the predecessor board to the Texas Military Facilities Commission was "military" rather than "civil" in nature and thereby not subject to sections 30 and 30a of article XVI. *See McCraw*, 126 S.W.2d at 632-33.

We think it is likely that, if the issue were again brought before the supreme court the court would again hold that sections 30 and 30a of article XVI do not apply to the sole military appointee to the Texas Military Facilities Commission. However, because of the changed qualifications for and terms of office of the remaining civilian members of the commission, we believe that the court would likely conclude that sections 30 and 30a do apply to the civilian members of the commission. Because the lone military member serves as a voting ex officio member of the commission, we believe that the commission as a whole would be held to be subject to section 30a.

In *McCraw* the supreme court concluded that members of the Texas National Guard Armory Board held "military offices" and not "civil offices," that sections 30 and 30a of article XVI governed "civil offices" only, and that as a result, the term-of-office limitations set forth in sections 30 and 30a were not applicable to the board. *See McCraw*, 126 S.W.2d at 632-33. The statute creating the board at that time provided that the three members of the Texas National Guard Armory Board is composed of the three highest ranking active officers of the Texas National Guard who "shall serve without compensation until their resignation in writing shall be accepted by the Governor of Texas, or until death or removal for malfeasance." *Id.* at 630.

In that case, it was urged that, because the board members serve until death or until they resign or are removed for malfeasance, those provisions of the act creating the board violated the term of office limitations of sections 30 and 30a of article XVI. *See id.* The Texas Supreme Court, after reviewing the federal and state constitutional and statutory provisions authorizing the establishment of federal and state military forces, concluded that sections 30 and 30a of article XVI apply to civil offices only and not to military offices and that the positions established by the statute creating the board create military offices and not civil offices. *Id.* at 632-33. Therefore, the court concluded that sections 30 and 30a of article XVI do not apply to the board. *See id.*

In 1997, the name of the Texas National Guard Armory Board was changed to the Texas Military Facilities Commission. Act of May 29, 1997, 75th Leg., R.S., ch. 1168, § 7, 1997 Tex. Gen. Laws 4405, 4414. The commission currently comprises six members – one senior member of the Texas National Guard, though not necessarily the highest-ranking member, and five members of the general public – all six of whom are appointed by the governor with the advice and consent of the senate. TEX. GOV'T CODE ANN. § 435.004(a) (Vernon 1998). The members of the commission serve six-year terms of office, *id.* § 435.007, with vacancies filled in the same manner in which the position was originally filled, *id.* § 435.005, and grounds for removal of a member set forth by statute. *Id.* § 435.006.

You ask whether, because of the altered nature of the membership of the commission, *i.e.* from exclusively military to predominantly civilian, and the imposition of six-year terms of office, the holding of *McCraw* is still valid. *See* Request Letter, *supra* note 1, at 6. We believe that, if the Texas Supreme Court were to revisit the issue as to whether sections 30 and 30a apply to the commission, the court would rely on the same rationale it used in 1939, namely the importance of military knowledge and experience, and hold that the sections do not apply to the lone military member. However, because the rationale underlying *McCraw* would not apply to the remaining civilian members of the commission, we believe that the court would likely hold that sections 30 and 30a apply to those members. Our earlier discussion regarding the status and authority of voting ex officio members of boards and commissions noted that voting ex officio members differ only in manner of appointment from other appointed or elected board or commission members and, therefore, are necessarily included in determining the number of members of that board or commission. Consequently, we believe that the commission as a whole would be subject to section 30a and that, for purposes of determining the number of members of the commission, the lone military appointee would be included in the count. Furthermore, because the commission is established by statute, it is not "required by this constitution" for purposes of section 30a, and therefore, falls under the scope of the first sentence of that section.

## S U M M A R Y

Members of advisory boards and advisory commissions are not "officers" for purposes of sections 30 and 30a of article XVI of the Texas Constitution.  The determination as to whether a board or commission is advisory, whether denominated "advisory" or not, must be made by an examination of the constitutional and statutory provisions creating the board or commission and conferring duties on them, taken in their entirety, and on a case-by-case basis.  Attorney General Opinion H-998 (1977) is hereby overruled to the extent that it holds that a member of an advisory board or advisory commission is an "officer" for purposes of sections 30 and 30a of article XVI.

Voting ex officio members of boards or commissions are included in determining the number of members of the board or commission for purposes of section 30a of article XVI of the Texas Constitution.

The Board of Pardons and Paroles, the State Medical Education Board, the Texas Employees Retirement System, the Texas Municipal Retirement System, and the Texas Water Development Board are all "required by this constitution" for purposes of section 30a of article XVI of the Texas Constitution, and the legislature need not increase or decrease the number of members of those boards to comply with section 30a.  The Board of Pardons and Paroles Policy Board, the Texas Prepaid Higher Education Tuition Board, and the Texas Higher Education Coordinating Board are not "required by this constitution" for purposes of section 30a, and the legislature must either increase or decrease the number of members of those boards to comply with section 30a.

We believe that it is likely that, if the Texas Supreme Court revisited the issue addressed in *Texas National Guard Armory Board v. McCraw*, 126 S.W.2d 627 (Tex. 1939), it would uphold its conclusion that sections 30 and 30a of article XVI do not apply to the lone military member appointed to the Texas Military Facilities Commission.  However, based on the rationale of its holding in *McCraw*, it is likely that the court would conclude that, because of the changed qualifications and terms of office for civilian appointees to the commission, sections 30 and 30a do apply to them.  The lone military appointee to the commission would be included in determining the number of members of the commission.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Deputy Attorney General - General Counsel

RICK GILPIN
Deputy Chair, Opinion Committee

Jim Moellinger
Assistant Attorney General